Tommy WHITE, Sr., Plaintiff–
Appellant

v.

Christopher B. EPPS, Commissioner,
Mississippi Department of Correc-
tions; Ron King, Superintendent,
South Mississippi Correctional Insti-
tution–Two; Dr. Ron Woodall; Nurse
Ham; Wexford Health; Nurse April
Megs, Defendants–Appellees.

No. 10–60556

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 29, 2010.

Tommy White, Sr., Leakesville, MS, pro
se.

Charles Baron Irvin, Esq., Office of the
Attorney General, Jackson, MS, Vardaman
Kimball Smith, III, Bryan Nelson, P.A.,
Hattiesburg, MS, for Defendants–Appel-
lees.

Before JOLLY, GARZA, and
STEWART, Circuit Judges.

PER CURIAM: *

Tommy White, Sr., Mississippi prisoner
# M1572, proceeding pro se and in forma
pauperis (IFP), filed in the district court a
civil rights complaint alleging that prison
officials, the prison medical unit, and pris-
on medical personnel deprived him of ade-
quate medical care by failing to refill his
prescription for Naproxen. After the de-
fendants asserted nonexhaustion, the dis-
trict court dismissed White's complaint for
failure to exhaust administrative remedies
pursuant to 42 U.S.C. § 1997e(a). White
now moves for leave to proceed IFP on
appeal following the district court's order
denying IFP and certifying that his appeal
is not taken in good faith.

White argues that the district court
erred by failing to grant him a continuance
to meet the exhaustion requirement or to
construe his IFP motion as a motion to
reopen. Those claims lack legal support.
He also contends that the district court
should have granted his IFP motion be-
cause he is indigent, he was granted IFP
status to proceed in district court, and
justice should not be denied due to his
poverty. Because White has not shown
that the district court erred in holding that
he failed to exhaust his administrative
remedies as to his claim, those arguments
fail to show that the district court erred by
certifying that his appeal is not taken in
good faith. *See Howard v. King,* 707 F.2d
215, 220 (5th Cir.1983).

White also argues that the district court
erred in dismissing his complaint with
prejudice. This issue "involves legal
points arguable on their merits (and there-
fore not frivolous)." *Id.* (internal quota-
tion marks and citation omitted). Because
White's appeal is not entirely frivolous,
White is entitled to proceed IFP on ap-
peal, and his motion for IFP is granted.
We may, however, address the merits of
White's claim at the same time we resolve
the IFP issue if it is expedient. *See
Baugh v. Taylor,* 117 F.3d 197, 202 (5th
Cir.1997).

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

A dismissal without prejudice · would have been appropriate in this case. *See Wright v. Hollingsworth,* 260 F.3d 357, 359 (5th Cir.2001). Accordingly, the judgment is affirmed as modified to reflect a dismissal without prejudice of White's complaint.

IFP GRANTED; AFFIRMED AS MODIFIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.